UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY L. PALMER, and
RICKY PALMER,

                    Plaintiffs,

v.                                                 Civil Action No. _____

ACCOUNTS RECEIVABLE MANAGEMENT,
INC., and ATLANTIC CREDIT & FINANCE,
INC.,

                      Defendants.
_____

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that each of the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Tammy L. Palmer is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Ricky Palmer is a natural person residing in the County of Niagara and State of New York, who, at all times relevant herein, was married to Plaintiff Tammy L. Palmer.

6. Defendant Accounts Receivable Management, Inc. does business (hereinafter "ARM") in the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant Atlantic Credit & Finance, Inc. (hereinafter "ACF") is a foreign business corporation organized and existing under the laws of the State of Virginia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to either Defendant herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff Tammy L. Palmer incurred a credit card debt to HSBC. Said debt will be referred to as "the subject debt" in this Complaint.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff Tammy L. Palmer thereafter defaulted on the subject debt.

14. That upon information and belief, after Plaintiff defaulted on the subject debt, HSBC employed Defendant ARM to attempt to collect the subject debt.

15. That in or about July of 2008, Defendant ARM called Plaintiff Tammy Palmer's father, Edward McDonald, at his home multiple times per week and often multiple times per day in an attempt to collect the subject debt.

16. That Edward McDonald is in no way legally obligated to pay the subject debt owed by Plaintiff Tammy L. Palmer.

17. That during several of the aforesaid telephone calls, Defendant ARM spoke with Edward McDonald and proceeded to disclose they were a debt collection agency attempting to collect a debt owed by Plaintiff Tammy L. Palmer. Mr. McDonald repeatedly notified Defendant that they were calling the wrong telephone number for said Plaintiff because she did not live with him. Thereafter, Edward McDonald directed Defendant ARM to stop calling him.

18. That despite having knowledge that they were calling the wrong telephone number for Plaintiff Tammy L. Palmer and despite having received express instruction by Edward McDonald to stop calling him, Defendant ARM nevertheless proceeded to make additional telephone calls to Edward McDonald.

19. That the frequency of Defendant ARM's unauthorized telephone calls disrupted Edward McDonald's enjoyment of peace and quiet, thereby exacerbating his existing health problems. Consequently, Edward McDonald sought assistance from Plaintiff Tammy L. Palmer to stop Defendant ARM from calling him.

20. That Plaintiff Tammy L. Palmer immediately contacted Defendant and provided them with her current contact information. Additionally, Plaintiff Tammy L. Palmer instructed

Defendant ARM to stop calling and harassing her ailing father. However, Defendant refused to update Plaintiff Palmer's contact information and maliciously threatened to call and harass her father until they have obtained payment on the subject debt.

21. That immediately after the conclusion of the telephone call described in paragraph 20 herein, Defendant called Edward McDonald yet again.

22. That Plaintiff Tammy L. Palmer then filed an official complaint against Defendant ARM with the New York Attorney General's Office. Finally, in response to said complaint, Defendant stated that they would no longer call Edward McDonald's telephone number.

23. That in or about October of 2008, Defendant ACF purchased the subject debt from HSBC.

24. That starting in December of 2008, Defendant ACF began making telephone calls to the cellular telephones of Plaintiffs multiple times per week, and often on multiple times per day.

25. That in or about late December of 2008, Plaintiff Tammy L. Palmer received a telephone call from "Jimmy Long", a man who claimed to be an attorney working for Defendant ACF. During said telephone conversation, Defendant demanded that said Plaintiff make an immediate payment $1,000.00 that day, an additional $1,000.00 in approximately two weeks. Mr. Long also stated that if said Plaintiff did not agree to make the initial payment that day, he would be turning in paperwork to start the process to obtain a judgment

26. That Defendant also called Plaintiff Ricky Palmer and made the same threats as described in paragraph 25 herein.

27. Plaintiffs have asked Defendant to stop calling them on multiple occasions, but those requests were not honored by Defendant.

28. That Plaintiff Tammy L. Palmer understood Defendant AFC's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to mean and/or imply that Defendant was an attorney and that she would be sued if she did not make immediate payment as demanded.

29. That despite Defendant's aforementioned representations, Defendant had not made a decision to sue Plaintiff if she did not make payment that day, and in fact did not commence suit against her after she did not make such payment. Furthermore, upon information and belief, "Jimmy Long" was in fact not an actual attorney working for AFC.

30. That following the aforementioned telephone conversation, Defendant AFC proceeded to make additional telephone calls multiple times per week, and often on multiple time per day to the cellular telephones of Plaintiff Tammy L. Palmer and Plaintiff Rick Palmer in an attempt to collect the subject debt. When Plaintiffs did answer said calls Defendant would often demand immediate payment on the subject debt.

31. That as a result of each of the Defendants acts, Plaintiffs, and each of them, became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

32. Plaintiffs Tammy L. Palmer and Rick Palmer each repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 31 above.

33. The conduct of each Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant ARM violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), and 15 U.S.C. §1692c(b), by failing to limit their communications with Edward McDonald to obtaining location information for Plaintiff Tammy L. Palmer, by disclosing the existence of Tammy L. Palmer's debt to him, and by repeatedly calling him on more than one occasion.

    B. Defendant ARM violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass the hearer when they repeatedly and continuously caused each of the Plaintiffs home or cellular telephone to ring with the intent to annoy, abuse and harass each of the Plaintiffs.

    C. Defendant ARM violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692f, when they threatened to continue to call Plaintiff Tammy L. Palmer's father despite her request to stop calling him.

    D. Defendant AFC violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass the hearer when they repeatedly and continuously caused Plaintiff Tammy L. Palmer and Rick Palmer's cellular telephones to ring with the intent to annoy, abuse and harass each of said Plaintiffs.

    E. Defendant AFC violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by using false, deceptive, and misleading representation in connection with the collection of the subject debt when Defendant falsely stated on several occasions that the communications were from an attorney, by falsely stating and/or implying that the account was "going to judgment" if immediate payment was not received by Defendant when such was not intended or authorized by their client.

34. That as a result of each of the Defendants' FDCPA violations, Plaintiffs, and each of them, became nervous, upset, anxious, and suffered from emotional distress.

**WHEREFORE**, Plaintiffs each respectfully request that judgment be entered against each of the Defendants for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k;

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

(d)  For such other and further relief as may be just and proper.

Dated: March 24, 2009

        S/KENNETH R. HILLER
        Kenneth R. Hiller, Esq.
        Amanda R. Jordan, Esq.
        Law Offices of Kenneth Hiller
        *Attorneys for the Plaintiff*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: khiller@kennethhiller.com
              ajordan@kennethhiller.com